**IT IS ORDERED as set forth below:**



Date: March 30, 2021

_Susan D. Barrett_
United States Bankruptcy Judge
Southern District of Georgia

```
         IN THE UNITED STATES BANKRUPTCY COURT

                        FOR THE

              SOUTHERN DISTRICT OF GEORGIA
                    Augusta Division

IN RE:                          )       Chapter 13 Case
                                )       Number 20-10781
GERALD TERRILL GILMORE,         )
       Debtor                   )
                                )
                                )
GERALD TERRILL GILMORE,         )       Adversary Proceeding
       Debtor/Plaintiff         )       Number 20-01011
                                )
v.                              )
                                )
BOB NORTHGARD d/b/a NGD         )
ENTERPRISES,                    )
       Defendant                )
```

**OPINION AND ORDER**

Before the Court is a Motion for Judgment on the Pleadings by Gerald Terrill Gilmore ("Debtor") and a Motion to Amend Pleadings

1

by Bob Northgard d/b/a NGD Enterprises ("Defendant"). This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (G) and the Court has jurisdiction pursuant to 28 U.S.C. §1334. For the following reasons, Defendant's Motion to Amend Pleadings is ORDERED GRANTED; and Debtor's Motion for Judgment on the Pleadings is ORDERED DENIED.

## FINDINGS OF FACT

Prior to this bankruptcy case, Debtor and Defendant entered into a "Rent to Own – Mobile Home" agreement ("Agreement") concerning a mobile home and realty located in Georgia.[1] See Dckt. No. 1, Ex. A. The Agreement provides:

> This Agreement shall remain in effect from July 17, 2014 until July 1, 2026 at 12 o'clock midnight.
> .
> .
> .
> The Rent for the Mobile Home is $758.37 and shall be paid Monthly beginning August 1, 2014.
> .
> .
> .
> The total purchase price for the Mobile Home pursuant to this Option to Purchase Agreement is $52,971. Less a fee of $6,500 cash paid as option fee and down payment to cover initial costs related to the title search, commissions and other misc. fees is acknowledged and accepted at the time of this agreement. It is understood that this down payment is nonrefundable in the event of default of this agreement. If Tenant/Buyer timely exercises this option, is not in default of the Lease Agreement and actually closes the conveyance of the Property, the Tenant/Buyer shall be credited, at closing, the

---

[1] Defendant is the "Landlord/Seller" and Debtor is the "Tenant/Buyer" in the Agreement.

2

>>principle [sic] payments as determined by the amortization schedule attached and made a part of this lease agreement from each lease payment if every lease payment was timely remitted to Landlord/Seller pursuant to the Lease Agreement. <u>No credit</u> shall be given at closing if the Landlord/Seller received any lease payment <u>after</u> the due date established in the Lease Agreement.

<u>Id.</u> (emphasis in original).

At the time the Agreement was executed, Debtor paid the $6,500.00 option fee.[2] Thereafter Debtor fell behind on payments and Defendant filed a dispossessory affidavit with the Magistrate Court of Richmond County, Georgia ("Magistrate Court"). <u>See</u> Dckt. No. 1, Ex. B. According to Defendant, after proper service, Debtor failed to respond to the dispossessory proceedings and the Magistrate Court issued a judgment and writ of possession on August 28, 2020. <u>See</u> Dckt. No. 15, Ex. B.

On September 10, 2020, Debtor filed a chapter 13 bankruptcy petition, listing Defendant as a secured creditor on Schedule D. <u>See</u> Chapter 13 Case Number 20-10781, Dckt. No. 1, p. 19. The next day, the Marshal's Office executed the writ of possession.[3] According to Defendant, on the same day at

---

[2] The facts are summarized from the following pleadings: Debtor's complaint, Dckt. No. 1; Defendant's response, Dckt. No. 15; Debtor's Motion for Judgment on the Pleadings, Dckt. No. 22; and Defendant's response thereto, Dckt. No. 30.

[3] According to Defendant, the dispossession occurred between 9 a.m. and 10 a.m. <u>See</u> Dckt. No. 15.

3

approximately 10:44 a.m., and after the dispossession, Debtor's counsel notified Defendant's counsel of Debtor's bankruptcy filing. See Dckt. No. 15, Ex. C.

Debtor filed this current adversary proceeding: alleging Defendant's actions violated the §362[4] automatic stay; seeking an injunction for turnover of the property and cessation of any further eviction/foreclosure proceedings; seeking an award of damages; and seeking a determination that the nature of the debt owed to Defendant is a secured mortgage claim in the amount of $0.00. See Dckt. No. 1.

Debtor filed the instant Motion for Judgment on the Pleadings ("Motion") asserting two basic arguments. Dckt. No. 22. First, he contends Defendant procedurally admitted the Agreement created a security interest, rather than a leasehold. Second, Debtor contends the Agreement creates a security interest under §365 because it is not an executory contract nor an unexpired lease, and therefore, it is a security instrument as a matter of law. Alternatively, he contends the Agreement is a disguised security agreement as a matter of law.

---

[4] Unless otherwise noted all references refer to title 11 of the United States Code.

AO 72A
(Rev. 8/82)

Defendant denies that his response admits the existence of a security interest and also asks to be allowed to file an amended response. Dckt. Nos. 30 and 31. In addition, Defendant contends Debtor's challenge to the nature of his interest was a compulsory counterclaim required to be raised in the Magistrate Court's dispossessory proceeding.

## **CONCLUSIONS OF LAW**

Federal Rule of Civil Procedure 12(c)[5] provides "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pleadings are closed "upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings." 5C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> §1367 (3d ed. 2020).

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law . . . . [w]e must accept the facts

---

[5] Federal Rule of Civil Procedure 12(b)-(i) is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b).

5

alleged in the complaint as true and view them in the light most favorable to the nonmoving party." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). "To prevail, the plaintiff must show on the face of the pleadings that no material issue of fact remains and that she is entitled to judgment as a matter of law." Vann v. Inst. of Nuclear Power Operations, Inc., 2010 WL 11601718, at *2 (N.D. Ga. July 15, 2010); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1368 (3d ed. 2020)("The trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."); Id. at §1370 ("[T]hese implied admissions are effective only for purposes of the motion and do not in any way bind the moving party in other contexts of the litigation or constitute a waiver of any of the material facts that will be at issue if the motion addressed to the pleadings is denied."). As part of the analysis, the Court may consider the exhibits attached to the complaint and responses thereto. See Fed. R. Civ. P. 10(c)[6]; Horsley v. Feldt, 304 F.3d 1125, 1134-35 (11th Cir. 2002).

---

[6] Made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7010.

AO 72A
(Rev. 8/82)

**Rules 8 and 15.**

Debtor argues Defendant admitted the Agreement creates a security interest as a matter of law in his response to paragraph nine of the adversary complaint. Paragraph nine states: "[o]n September 10, 2020 Plaintiff filed for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code and listed Defendant as a secured creditor." Dckt. No. 1, ¶9. Defendant's response states "[m]oreover, throughout the Agreement the terms rent, and residential lease are utilized." Dckt. No. 15, ¶9. Debtor argues this response is not a denial, as required by Federal Rule of Civil Procedure 8, and therefore, it is treated as an admission that the Agreement creates a security interest. Conversely, Defendant argues his response as a whole serves as a general denial and provides notice there is a material dispute over the parties' interpretation of the Agreement. Defendant also filed a motion to amend his response.

Federal Rule of Civil Procedure 8(b)[7] requires parties to state their defenses to each claim asserted against them and admit or deny the allegations asserted against them by an opposing party. See Fed. R. Civ. P. 8(b)(1). Rule 8(b)(6) provides "[a]n allegation

---

[7] Made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7008.

7

— other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided." Fed. R. Civ. P. 8(b)(6). This provision also must be read in conjunction with Rule 8(e), which requires pleadings to be construed as "to do justice." See Fed. R. Civ. P. 8(e).

Paragraph nine is a recitation of facts, not a claim asserted against Defendant. Debtor did file bankruptcy on September 10, 2020 and did list Defendant as a secured creditor. Even if Defendant admitted these facts, it does not equate to an admission that the Agreement creates a security interest. In fact, in the proposed amended response, Defendant admits the allegations of paragraph nine. See Dckt. No. 31, Ex. A, ¶9.

Furthermore, even if Debtor's paragraph nine was considered as a claim against Defendant, when Defendant's response is read as a whole, it clearly informs the Court and Debtor that Defendant denies the allegation that Debtor holds a security interest in the property. In addition, based on the expedited nature of Debtor's request for a preliminary injunction in the complaint, the Court finds justice requires construing Defendant's response as a general denial.

8

Defendant also has filed a Motion to Amend Pleadings. Dckt. No. 31. Federal Rule of Civil Procedure 15(a)(2)[8] provides a party may amend its pleadings "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A trial court has considerable discretion when determining whether to grant leave to amend a pleading." In re Allied Holdings, Inc., 2007 WL 7143418, at *2 (Bankr. N.D. Ga. Oct. 29, 2007). "A district court may deny such leave only where there is a substantial ground for doing so such as undue delay, bad faith, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the amendment." Muhammad v. Sapp, 494 Fed. App'x. 953, 958 (11th Cir. 2012). "Moreover, the Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Beem v. Ferguson, 713 F. App'x 974, 979 (11th Cir. 2018)(internal citation omitted).

In this case, allowing Defendant to amend his response is appropriate as it helps the Court consider the case on its merits. See In re Kaushik, 2013 WL 4775574, at *5 (Bankr. N.D. Ga. July 26,

---

[8] Made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7015.

9

2013)("The admission for which Defendant seeks leave to amend goes to the merits of the case and, based on the policy of determining controversies on the merits and the expansive standard for leave to amend, there is no basis to deny Defendant's motion."). Allowing Defendant to amend his response does not prejudice Debtor. See Acme Barricades, L.C. v. Acme Barricades, LLC, 2020 WL 7390081, at *3 (M.D. Fla. Oct. 24, 2020)(stating "[c]ourts have ruled that the fact that [a] plaintiff would have to try the case on the merits if relief is granted is not the kind of prejudice that should preclude relief" and granting motion to set aside default). Defendant makes no new untimely arguments in his proposed amended answer and Debtor is on notice of all Defendant's current arguments to the Motion. See Muhs v. River Rats, Inc., 586 F. Supp. 2d 1364, 1376 (S.D. Ga. 2008)(allowing plaintiff to amend his answer concluding "[t]his is not a case where the plaintiff is attempting to add a new party and transform his lawsuit into a case involving a different legal theory of recovery").

For these reasons, the Court does not find that Defendant has conclusively admitted as a matter of law that the nature of the interest created by the Agreement is a security interest; and grants Defendant's Motion to Amend Pleadings.

AO 72A
(Rev. 8/82)

**Compulsory Counterclaim.**

Defendant argues Debtor's allegation that the Agreement creates a security interest in the property is barred because such a contention was a compulsory counterclaim required to have been raised in the Magistrate Court proceeding.[9] Pursuant to O.C.G.A. §15-10-45(a)[10]:

> If any defendant has a counterclaim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim, which counterclaim does not require for its adjudication the presence of third parties over whom the court cannot obtain jurisdiction, such counterclaim shall be asserted by the defendant at or before the hearing on the plaintiff's claim or thereafter be barred.

O.C.G.A. §15-10-45(a). A claim is a compulsory counterclaim if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Metro Brokers, Inc. v. Sams & Cole, LLC, 729 S.E.2d 540, 543 (Ga. Ct. App. 2012). "The key phrase is that the claim 'arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim.' Cause of action has no express bearing on the issue." Id. (internal citation omitted).

---

[9] Debtor has not responded to this argument.

[10] The substantive rights of parties are governed by the law of the state in which the underlying real property is located because "[p]roperty interests are created and defined by state law." In re Polo Club Apartments Ltd. P'ship, 150 B.R. 840, 845 (Bankr. N.D. Ga. 1993)(quoting Butner v. United States, 440 U.S. 48, 55 (1979)).

11

AO 72A
(Rev. 8/82)

Determining whether a counterclaim is compulsory involves "whether a logical relationship exists between the respective claims asserted by the opposing parties." Id. Such a "logical relationship arises when (1) the same aggregate or operative facts serve as the basis for both claims, or (2) the case facts supporting the original claim activate legal rights of the defendant that would otherwise remain dormant." Id.

In the Magistrate Court, Debtor could have challenged the existence of a landlord-tenant relationship by claiming the Agreement was a contract to purchase, as such an argument would have been relevant to whether a landlord-tenant relationship existed. See Bread of Life Baptist Church v. Price, 392 S.E.2d 15, 16 (Ga. Ct. App. 1990)("The defense of lack of landlord-tenant relationship is a proper defense to a dispossessory action . . . ."); MacKenna v. Jordan, 182 S.E.2d 550, 552 (Ga. Ct. App. 1971)(whether the Agreement is a lease or security agreement strikes at the landlord-tenant relationship because "[w]here a party enters upon land under a contract of purchase, landlord and tenant relationship does not come into existence"); Thomas v. Wells Fargo Credit Corp., 409 S.E.2d 71, 72 (Ga. Ct. App. 1991)("Defendants' claim that they own the premises is relevant only to the extent that it challenges the allegations that plaintiff owns the premises

AO 72A
(Rev. 8/82)

and that defendants are tenants at sufferance, i.e. that plaintiff is a landlord with right of immediate possession."); Lampley v. IMS Mgmt. Servs., LLC, 2010 WL 11500090, at *9 (N.D. Ga. Jan. 6, 2010)("In the dispossessory action, the subject matter was Plaintiff's eviction based on the interpretation of the lease agreement.").

Debtor's argument was a compulsory counterclaim that should have been raised in the Magistrate Court proceeding as it arose out of the same transaction and operative facts as the dispossessory proceeding and the presence of third parties was not required for the adjudication. See Horne v. Harbour Portfolio VI, LP, 304 F. Supp.3d 1332, 1349 (N.D. Ga. 2018)("Because Plaintiffs failed to assert their claim for malicious eviction as a compulsory counterclaim in the dispossessory action, they are barred under O.C.G.A. § 15-10-45(a) and the doctrine of res judicata from asserting the claim here."); see Smith v. Bell, 816 S.E.2d 698, 702 (Ga. Ct. App. 2018)("[Tenant]'s claims, however, may nonetheless have been compulsory counterclaims that she was required to bring in magistrate court in order to preserve them . . . ."); see also Setlock v. Setlock, 688 S.E.2d 346 (Ga. 2010)(Georgia Supreme Court found that, even though the magistrate court did not have jurisdiction to actually adjudicate the claims, defendant was still required to raise the issue to avoid waiver).

13

Furthermore, to the extent the relief Debtor requests would require this Court to determine the dispossessory proceeding was wrongful and overturn a writ of possession issued by the Magistrate Court, the Rooker-Feldman doctrine prevents this Court from doing so. See Sykes v. JPMorgan Chase Bank, NA, 2014 WL 12115999, at *9 (N.D. Ga. Apr. 28, 2014)(explaining the Rooker-Feldman doctrine prevents federal courts from reviewing final state court decisions); In re Shanks, 2014 WL 1891349, at *1 (Bankr. N.D. Ga. May 7, 2014)("[N]o matter how wrong the Debtor believes the magistrate judgment is, this Court cannot review [or] set it aside.").

For the foregoing reasons, Defendant's Motion to Amend Pleadings is ORDERED GRANTED; and Debtor's Motion for Judgment on the Pleadings is ORDERED DENIED.

**[END OF DOCUMENT]**

AO 72A
(Rev. 8/82)